# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Travis Messex, ) | Civil Action No. 2:15-cv-04773-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **AMENDED ORDER AND OPINION** |
| Quicken Loans, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court pursuant to Plaintiff Travis Messex's ("Plaintiff") Motion to Remand the case to the Dorchester County (South Carolina) Court of Common Pleas. (ECF No. 9). Defendant Quicken Loans, Inc. ("Defendant"), opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 11). For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand.

## I. RELEVANT BACKGROUND OF PENDING MOTION

On October 19, 2015, Plaintiff filed a complaint for a non-jury trial in the Court of Common Pleas in Dorchester County, South Carolina. (ECF No. 1-1 at 8). Plaintiff alleges that he obtained a real estate loan with Defendant.[1] (*Id.* at 8 ¶4). Plaintiff further alleges that pursuant to South Carolina law, Defendant was required to determine Plaintiff's preference for legal counsel to assist him during the closing of the transaction. (*Id.* at 8 ¶ 6). Plaintiff alleges that Defendant provided him with a pre-populated Attorney/Insurance Preference Checklist, which prevented Plaintiff from choosing an attorney to represent him in the transaction. (*Id.* at 9 ¶¶ 11-13). According to Plaintiff, the deprivation of a meaningful choice as to the attorney to represent him in the transaction was

---

[1] Defendant is the servicer of Plaintiff's loan, which is secured by a mortgage (hereinafter "loan agreement") on Plaintiff's real property. The loan agreement establishes Defendant's security interest in the property which endures until Plaintiff pays the debt. (*See* ECF No. 1-2 at 3 ¶ 6).

unconscionable pursuant to S.C. Code Ann. §§ 37-10-105 (2016), 37-5-108 (2016). (*Id.* at 9 ¶14). Plaintiff requests that the court issue an order and grant relief pursuant to S.C. Code Ann. § 37-10-105(c). (*Id.* at 10 ¶ 23). Plaintiff further requests that the court assess a statutory penalty between $1,500.00 and $7,500.00. (*Id.* at 10 ¶ 24). Plaintiff also asserts that he is entitled to attorney's fees and costs from Defendant as permitted by statute. (*Id.* at 11 ¶ 25). For jurisdictional purposes, Plaintiff alleged that he is a citizen of the state of South Carolina; and Defendant is a corporation organized under the laws of a state other than the state of South Carolina with a principal place of business in Michigan.[2] (ECF No. 1-1 at 8 ¶¶ 1, 2). Plaintiff did not specify an amount of damages in the Complaint, but prayed "for the relief set forth above, for attorney fees and the costs of this action, and for such other and further relief as this court deems just and proper, but in no event, for an amount greater than Seventy-Five Thousand Dollars ($75,000)." (*Id.* at 11).

On November 30, 2015, Defendant filed a Notice of Removal asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy requirement is met. (ECF No. 1 at 2). Thereafter, on December 17, 2015, Plaintiff moved the court to remand the matter to state court on the basis "that the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a)(1)." (ECF No. 9). Plaintiff also moved the court to stay all matters related to Defendant's Motion to Dismiss.[3] (ECF No. 9). On January 7, 2016, Defendant filed a response in opposition to Plaintiff's Motion to Remand. (ECF No. 11). Plaintiff filed a Reply in Support of the Motion to Remand and Opposition to Defendant's Notice of Removal on March 4, 2016. (ECF No. 20). After being

---

[2] Plaintiff did not specify a state of incorporation for Defendant in the Complaint. (*See* ECF No. 1-1 at 4 ¶ 2). In the Notice of Removal, Defendant admits that its principal place of business and place of incorporation is Michigan. (ECF No. 1 at 2).

[3] In a text order dated March 4, 2016, this court granted the motion to stay motion to dismiss pending the resolution of the motion to remand. (ECF No. 19).

granted leave to do so by the court, Defendant filed a Surreply in Opposition to Plaintiff's Reply in Support of Motion to Remand. (ECF No. 23). A hearing on the Motion to Remand was held on April 7, 2016.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a) (2012). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g., St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations

omitted). However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A) (2012). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

There is no dispute that complete diversity exists in this matter. The parties dispute whether the amount in controversy requirement is met in order to support removal. Plaintiff moves to remand this matter to state court on the basis that the amount in controversy does not exceed $75,000.00. (ECF No. 9). Specifically, Plaintiff asserts that because the *ad damnum* clause of the complaint limits the damages sought to $75,000.00, the amount in controversy cannot be met. Defendant asserts that Plaintiff seeks nonmonetary relief in the form of having the loan agreement declared unconscionable, and such relief would greatly exceed $75,000.00. Plaintiff submitted a Declaration regarding damages, wherein Plaintiff states that (1) the entire value of his claim does not exceed $75,000.00 and (2) Plaintiff will not seek or accept any relief or recovery greater than $75,000.00. (ECF No. 20-1 at 2 ¶ 3, 4).

Upon review, the court notes that Plaintiff did not specify an amount of damages in his complaint, but merely attempted to provide an estimate of the maximum amount of damages to which he might be entitled.  (*See* ECF No. 1-1 at 9).  Therefore, the court may interpret Plaintiff's stipulation as to damages as a clarification of the amount of damages Plaintiff seeks.  *See, e.g., Carter v. Bridgestone Americas, Inc.*, Civil Action No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *3 (D.S.C. July 31, 2013) ("Defendant concedes that 'Plaintiff does not specify an amount of damages in her Complaint.'  (Internal citation omitted.)  The Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying that the total amount of damages sought by her Complaint is not more than $60,000.000[sic]."); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached.  However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.) (Internal citation and quotation marks omitted). Though Plaintiff submitted a Declaration in an attempt to limit the maximum amount of damages sought, South Carolina law permits recovery in excess of the relief requested by Plaintiff.  *See Battery Homeowners Ass'n v. Lincoln Fin. Res., Inc.*, 422 S.E.2d 93, 95-96 (S.C. 1992) (quoting South Carolina Rule of Civil Procedure 54(c) which provides that a party shall be granted the relief to which it is entitled even if the relief was not demanded in the pleadings); *Jones v. Bennett*, 348 S.E.2d 365 (S.C. Ct. App. 1986) (noting that it was error for a trial judge to instruct a jury that it could not return a verdict in excess of the relief prayed for in accordance with SCRCP 54(c)); *see also Cook v. Medtronic Sofamor Danek, USA, Inc.*, Civil No. 9:06-cv-01995, 2006 WL 2171130, at *2, n.2 (D.S.C. July 31, 2006) (noting that South Carolina does not limit damage awards to the amount specified in the pleadings). Thus,

5

the court finds that pursuant to 28 U.S.C. § 1446(c), this case presents the precise situation that permits courts to also consider the notice of removal in order to determine the amount in controversy by a preponderance of the evidence.

Defendant contends that Plaintiff's Declaration is insufficient because it fails to account for the value of the nonmonetary relief requested. When a plaintiff requests nonmonetary relief, courts measure the amount in controversy by the value of the object of the litigation. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The value of such relief is determined by reference to the larger of two figures: either the worth of the relief to the plaintiff or its cost to the defendant. *Id.* Here, Plaintiff maintains that he will limit his relief to under $75,000.00. However, in his complaint, prior to the *ad damnum* clause, Plaintiff requests specific relief including that a "court should issue its order and grant relief as it deems just and proper under 37-10-105(c)." (ECF No. 1-1 at 9 ¶ 21). Essentially, Plaintiff requests that a court find the loan agreement unconscionable. Pursuant to S.C. Code Ann. § 37-10-105(c), when a court finds that an agreement is unconscionable as a matter of law under section 37-5-108, the court can grant the following relief: (1) refuse to enforce the entire agreement or the part of the agreement that it determines to have been unconscionable; (2) enforce the agreement less the unconscionable portion; (3) rewrite or modify the agreement to eliminate the unconscionable term and enforce the new agreement; or (4) award damages equal to or less than the loan finance charge while permitting repayment of the loan without a finance charge as well as attorney's fees and costs. S.C. Code Ann. § 37-10-105(c). Plaintiff does not suggest that a specific term in the agreement with Defendant was unconscionable, but that the process of entering into the agreement was unconscionable since he was deprived of counsel. Thus, it is not reasonable that any court would choose to omit a specific portion of the agreement upon a finding of unconscionability. If a court were to find that

6

Defendant's actions were unconscionable as a matter of law, a court would have to either refuse to enforce the entire agreement or award damages equivalent to the amount of the finance charge along with attorney's fees and costs. Accordingly, the cost of Plaintiff's requested relief to Defendant would be, at a minimum, the cost associated with awarding damages to Plaintiff equivalent to the finance charge on the loan. However, the greater cost of Plaintiff's requested relief to Defendant would be the cost associated with a finding that the entire agreement is unenforceable. Such a finding would render Defendant unable to foreclose on the property or collect the outstanding balance. *See e.g., Void v. OneWest Bank*, Civil Action No. DKC 11-0838, 2011 WL 3240478, at *3 (D. Md. July 27, 2011). This latter cost is the value by which the court measures the amount in controversy. *See Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (noting that the relevant inquiry is the cost to defendant of complying with any prospective equitable relief the plaintiff seeks).

Defendant provided an affidavit along with the notice of removal indicating the value of its agreement with Plaintiff. (ECF No. 1-2). The mortgage is secured by a debt that has an original principal amount of $216,450.00 plus interest at the fixed rate of 3.875% per year over thirty years until the total amount of the debt is paid. (*Id.* at 3 ¶ 7). The total amount of principal and interest Plaintiff is obligated to pay on the debt is $384,851.32. (*Id.* at 3 ¶ 8). Presumably, if a court determines that the entire agreement is unenforceable, such relief would cost Defendant $384,851.32. Plaintiff has not provided any documentation demonstrating how a court might invalidate the entire agreement while limiting the relief to $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (noting that when a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been

satisfied). Nor has Plaintiff provided any documentation to refute Defendant's assertion that the value of the requested relief exceeds $75,000.00. Thus, this court finds that Defendant has demonstrated the amount in controversy based on the nonmonetary relief exceeds $75,000.00. Therefore, this court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1).

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand, (ECF No. 9), is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 5, 2016
Columbia, South Carolina